CHARLES F. PREUSS (SBN #45783)
charles.preuss@dbr.com
MICHELLE A. CHILDERS (SBN #197064)
michelle.childers@dbr.com
ANNETTE STEPANIAN (SBN #245155)
annette.stepanian@dbr.com
DRINKER BIDDLE & REATH LLP
50 Fremont Street, 20th Floor
San Francisco, CA 94105-2235
Telephone:  (415) 591-7500
Facsimile:   (415) 591-7510

Attorneys for Defendant
SMITH & NEPHEW, INC.

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHERYL DAILEY and RICHARD DAILEY,<br><br>Plaintiffs,<br><br>v.<br><br>SMITH & NEPHEW, INC. and DOES 1 through 20, inclusive,<br><br>Defendants. | Case No. 09-CV-1234 JLS RBB<br><br>**DEFENDANT'S EX PARTE APPLICATION FOR ORDER REGARDING OCTOBER 9, 2009 SETTLEMENT CONFERENCE**<br><br>Judge:      Ruben B. Brooks<br>Courtroom: 1185 |

## INTRODUCTION

Pursuant to Civ. L.R. 83.3(h), Defendant SMITH & NEPHEW, INC. respectfully applies ex parte for an order to convert the Settlement Conference (the "Conference") scheduled for October 9, 2009 at 10:00 a.m. to a telephone conference to permit the attorneys and the Court to schedule a settlement conference for the reasons set forth below. In the alternative, Smith & Nephew requests permission to make its appearance at the settlement conference through outside counsel only.

At the July 6, 2009 Early Neutral Evaluation ("July 6 ENE"), the Parties and this Court anticipated that October 9 would work for a settlement conference because it was then believed medical records would be available for expert analysis. Despite Smith & Nephew's diligence, the

EX PARTE APPLICATION FOR ORDER RE:
OCTOBER 9, 2009 SETTLEMENT CONFERENCE

CASE NO. 09-CV-1234 JLS RBB

DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

records are not available. Moreover, soon after the July 6, ENE, it was discussed that some adjustment to the schedule would need to be made because the person who best fits the Court's directive for a person with settlement authority[1], Ms. Jean Mercer, was scheduled to be out of the country for the month of October. The Parties have discussed multiple proposals to resolve this issue, but have been unable to find a solution.

At this late date, given that an agreement has not been reached, and that outside counsel for Smith & Nephew, Ms. Michelle A. Childers, will be out of the country from September 21 through October 5, Smith & Nephew submits this application before reaching agreement. In any event, Court approval for any proposed relief would be required.[2]

## BACKGROUND

By way of brief history, after the July 6 ENE, Smith & Nephew informed Plaintiffs that its person with settlement authority, Ms. Jean Mercer, was scheduled to be out of the country for the month of October, including October 9. Meanwhile, Plaintiff Cheryl Dailey's signed authorizations to release medical records were provided a month later than initially promised, and that meant it would take longer to collect medical records. Later, Smith & Nephew identified custodians of medical records with key documents that were not ordered initially because they were unknown by Plaintiffs.

From the start, the Parties attempted to agree on a joint proposal to the Court. The Parties originally agreed to jointly request a continuance of the settlement conference on the grounds that: (1) the person who best fits the Court's directive for person with settlement authority was scheduled to be out of the country and (2) Smith & Nephew could not adequately prepare for the

---

[1] The July 7, 2009 Order requires that Smith & Nephew, Inc. bring a non-lawyer representative with complete authority to enter into a binding settlement. The individual from Smith & Nephew, Inc. who best fits the spirit of this description, Ms. Jean Mercer, is a lawyer. Smith & Nephew requests clarification that the representative not be a lawyer. See discussion in *Procedural History* section.

[2] Counsel for Defendant contacted the Court on September 16, 2009 for guidance regarding the matters involving the October 9 Conference as discussed in this Application. It is Defendant's understanding that an Ex Parte Application, without a hearing, would be the Court's preferred manner for addressing such matters. On September 16, counsel for Defendant provided the requisite notice, as set forth in Civ. L.R. 83.3(h)(2), to Plaintiffs' counsel. See Decl. of Michelle A. Childers In Support of Defendant's Ex Parte Application, ¶ 2.

conference without medical records and adequate time for expert evaluation. However, Plaintiffs later withdrew their agreement.

The Parties then worked towards a solution to accommodate Plaintiffs' desire to move forward on October 9. To partially resolve the issue related to the required attendance of a company representative with settlement authority, the Parties planned to propose to the Court that Smith & Nephew need not present a company representative on October 9 and instead, propose another appropriate person to attend in Ms. Mercer's place. Plaintiffs also then recognized that due to limited medical records, Smith & Nephew would not be prepared to discuss her entire claim, if any, beyond pre-tibial swelling. Smith & Nephew understood that Plaintiffs agreed to jointly request that the Court limit the scope of the discussion to Plaintiff Cheryl Dailey's pre-tibial swelling. Smith & Nephew requested that Plaintiffs lower their previous demand before the settlement conference. Plaintiffs agreed to make a demand, but never made a demand.

On September 15, 2009, after reviewing a proposed joint ex parte application outlining the second solution, Plaintiffs stated that they had further evaluated this case and wanted to *demand* damages beyond pre-tibal swelling. Smith & Nephew reiterated that it could not evaluate claims for such damages without medical records and expert evaluation. Plaintiffs proposed that Smith & Nephew attend unprepared, without a person with settlement authority, and that the Parties make such a joint request. Smith & Nephew took the position that such an arrangement was unproductive, and the Parties should continue the settlement conference until it has had time to evaluate the case.

At this late date, and given the need to resolve this with the Court, Smith & Nephew submits this ex parte application. It has requested another date its representative, Ms. Mercer, could travel from Tennessee and will have available dates by October 9. Smith & Nephew is willing to attend on October 9, but for reasons beyond its control cannot be prepared to fully discuss the claim, and its person with settlement authority will be out of the country.

### PROCEDURAL HISTORY

On April 28, 2009, Plaintiffs filed a complaint for damages entitled *Cheryl Dailey, et al. v. Smith & Nephew, Inc. and Does 1-20, inclusive,* Case Number 37-2009-00054339-CU-PL-NC in

the Superior Court for the County of San Diego (Vista). Plaintiff Cheryl Dailey seeks damages for injuries allegedly caused by Defendant's surgical screw, described by them as the Calaxo Osteoconductive Interference Screw. (Complaint ¶¶ 10, 26-28).

This action was removed to this Court on June 5, 2009. Upon removal, Magistrate Judge Ruben B. Brooks issued a Notice and Order setting an Early Neutral Evaluation for July 6, 2009 and later issued an order requiring attendance of counsel only. On July 7, 2009, following the conference, the Court entered an order setting a further settlement conference on October 9, 2009 at 10:00 a.m. (hereinafter, "July 7 Order"). The July 7 Order required that "[a]ll parties, claims adjusters for insured Defendants and non-lawyer representatives with complete authority to enter into a binding settlement . . . must be present and legally and factually prepared to discuss and resolve the case . . . at all settlement conferences."

Since the July 6 ENE, Smith & Nephew served subpoenas to obtain medical records upon receipt of authorizations and identification of providers from Plaintiffs. However, Plaintiffs did not provide authorizations until August 4, 2009, long after the date anticipated at the July 6 ENE. Immediately after receiving the signed authorizations, on August 6, Defendant subpoenaed records of the identified providers on a "rush" basis. Later, Smith & Nephew identified custodians of medical records with key documents that were not ordered initially, because those custodians were unknown by Plaintiffs. Moreover, the collection of records from third parties includes diagnostics, which are taking additional time to obtain. Once obtained, they must be analyzed by experts. To date, Defendant has subpoenaed records from approximately twenty providers and has received records from about nine. Thus, a complete diagnostics and expert review will not be completed by October 9. A complete medical records analysis is not necessary to evaluate claims limited to pre-tibial swelling, but it would be necessary to evaluate the claims Plaintiffs resurrected on September 15. Other than Plaintiff's pre-tibial swelling, Plaintiff's claims are unique to her situation and require expert evaluation. They do not appear related to the Calaxo screw.

Per the Court's July 7 Order, a non-lawyer representative whose authority is required to negotiate and enter into a binding settlement is required to attend the Conference. Smith &

Nephew believes that the representative who best fits the spirit of this order is a lawyer, Ms. Jean Mercer. No single person at Smith & Nephew has complete authority over large monetary outlay, and the process of obtaining authority relies heavily on lawyers. For lawsuits of this type, Ms. Mercer, in-house counsel for Smith & Nephew, Inc., would typically be given adequate authority to resolve the case. Therefore, the participation of other non-lawyers from Smith & Nephew, Inc. would not facilitate the settlement of this case. Plaintiffs, through their counsel, agree. However, Ms. Mercer will be out of the country for the month of October, and therefore unavailable to attend the Conference. Moreover, as was told to Plaintiffs in an effort to gain cooperation for a continuance of the Conference early in this case, Ms. Mercer's schedule has since become full in upcoming dates. Therefore, rather than continue the Conference and further delay the development of this case, Smith & Nephew presents the possibility that the Court permit the appearance at the Conference through outside counsel, Ms. Childers, only, or in the alternative, permit the attendance of Ms. Mercer, as well as outside counsel, at a later settlement conference at a time when Defendant's experts have been able to review all relevant medical records.

## FACTUAL BACKGROUND

Based entirely on the allegations in the Complaint and records available to date, Plaintiff Cheryl Dailey underwent surgery to repair her left ACL on January 19, 2007. Dr. Brad Cohen at Pomerado Hospital in Poway, California, performed the surgery using an allograft (*donor graft tissue*). A Calaxo screw was used to secure the tibial end of the allograft. A different type of product was used to secure the femoral end of the allograft. In January 2007, Plaintiff began physical therapy. In February, Plaintiff visited her chiropractor, Dr. Peter Whitely, and Dr. Cohen, who placed her on an antibiotic for signs of infection and cellulitis. Plaintiff visited Dr. Cohen on May 10, 2007 because she was experiencing a "tweaking feeling in the knee" and having trouble performing lunges. The examination revealed tenderness at the distal end of the tibial tunnel where the CALAXO screw was placed. On August 9, 2007, Plaintiff visited Dr. Cohen who noted a prominent tibial screw status post ACL reconstruction. Dr. Cohen performed a physical exam of Plaintiff's knee that identified no problems with graft stability (plaintiff's "Lachman was solid and negative pivot shift"). On August 14, Dr. Cohen removed the CALAXO

screw. Plaintiff had developed a bump over the distal end of the tibial tunnel where the CALAXO screw was located. A surgical pathology report by Dr. Jerry Kolins on the same day revealed mild chronic inflammation and focal calcifications. Reports on August 21 and August 27 refer to a small amount of drainage from the incision after suture removal. Dr. Cohen prescribed an antibiotic until the drainage stopped. On September 27, 2007, Plaintiff reported continued drainage and was continued on antibiotics.

On February 25, 2008, Dr. Cohen recommended Plaintiff seek the opinion of another orthopedic surgeon, Dr. William Schobert. On March 26, 2008, Plaintiff consulted with Dr. Schobert who recommended bone grafting Plaintiff's tibial tunnel because he believed that Plaintiff was at risk for re-tearing her allograft and loss of fixation on the tibia. Dr. Schobert also recommended that she be appropriately treated for patellofemoral disease as she was noted to have degenerative patellofemoral chondromalacia. On July 30, Plaintiff underwent a left knee arthroscopic surgery for debridement and bone grafting of the tibial tunnel.

## RELIEF REQUESTED

Smith & Nephew is willing to present to the Court as early as possible, but it cannot be prepared to evaluate this case without medical records and individual expert analysis. Counsel for Plaintiffs will no longer agree to narrow the subject matter of the Conference to issues pertaining to Plaintiff Cheryl Dailey's pre-tibial swelling. It is Plaintiffs' delay that has forestalled Smith & Nephew's complete evaluation of this case. Accordingly, it would be unproductive to have Smith & Nephew attend a settlement conference at this time, particularly to discuss issued beyond the pre-tibial swelling, when it has had no opportunity to obtain independent expert evaluation.

## CONCLUSION

For the reasons above, based on the information available to evaluate this case at this time, and based on the unavailability of the Smith & Nephew's in-house representative, Smith & Nephew moves this Court to grant its application for an order converting the October 9 Settlement Conference into a telephonic scheduling conference. In the alternative, Defendant

DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

EX PARTE APPLICATION FOR ORDER RE:
OCTOBER 9, 2009 SETTLEMENT CONFERENCE      - 6 -      CASE NO. 09-CV-1234 JLS RBB

moves this Court for an order excusing Smith & Nephew's representative from attendance at the conference.

Dated: September 16, 2009

DRINKER BIDDLE & REATH LLP

By: /s/ Michelle A. Childers
Michelle A. Childers

Attorneys for Defendant
SMITH & NEPHEW, INC.

DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

EX PARTE APPLICATION FOR ORDER RE:
OCTOBER 9, 2009 SETTLEMENT CONFERENCE

- 7 -

CASE NO. 09-CV-1234 JLS RBB